122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Morris HOFF, Defendant-Appellant.
 No. 96-50124.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CR-05-00170-CBM-01; Consuelo B. Marshall, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Hoff appeals his 151-month sentence following his conviction by guilty plea for bank robbery in violation of 18 U.S.C. § 2113(a). Hoff contends the district court erred by classifying him as a career offender under U.S.S.G. § 4B1.1 because his two previous robbery convictions were related under U.S.S.G § 4A1.2(a)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Whether two prior convictions are related for purposes of career offender status, is a mixed question of law and fact subject to de novo review. See United States v. Davis, 922 F.2d 1385, 1388 (9th Cir.1991). A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior, unrelated felony convictions of either a crime of violence or a controlled substance offense. See U.S.S.G. § 4B1.1 (1995).
 
 
 4
 We agree with the district court that Hoff's previous robbery convictions in San Bernardino and Riverside Counties were unrelated pursuant to U.S.S.G. § 4A1.2(a)(2). Also, even if these two prior convictions were related, Hoff would still qualify as career offender under the Sentencing Guidelines. In addition to his prior robbery convictions, Hoff had a conviction for possession of a deadly weapon while confined in jail. See United States v. Young, 990 F.2d 469, 472 (9th Cir.1993) (prior conviction for possession of a deadly weapon in prison is a crime of violence for career offender purposes). Hoff would still have at least two prior unrelated felony convictions based on the robbery convictions and the conviction for possession of a deadly weapon while confined in jail. Accordingly, the district court did not err in when it sentenced Hoff as a career offender. See id.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3